## Creech, et al. v. Cornett, et al.

(Decided October 20, 1922.)

### Appeal from Harlan Circuit Court.

1. Vendor and Purchaser—Defects in Title.—A bona fide purchaser of land, the record title to which is clear, is not chargeable with the defects in his grantor's title, unless he has notice or knowledge of such facts or circumstances as would induce an ordinarily prudent person to investigate and apprise himself of the existence of the defects.
2. Vendor and Purcheser—Defects in Title.—Under the evidence in this case, it is held that the grantee had the right to rely on the record title of the grantor, and was not required, under the facts proved, to investigate his grantor's title with the view of ascertaining whether there were any hidden defects therein not disclosed by the record.

G. A. EVERSOLE for appellants.

J. B. CARTER and H. C. CLAY for appellees

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This is an action to set aside a deed made in January, 1912, by Isaiah Creech, conveying to his son, Alexander Creech, about twelve acres of land in Harlan county for the recited consideration of one hundred and fifty ($150.00) dollars. The heirs at law of Isaiah Creech brought the suit against W. W. Cornett, Alexander

Creech, and other descendants of Isaiah Creech interested in another conveyance made about the same time.

When this deed was made, Isaiah Creech was over eighty years of age, and it is claimed by the plaintiffs that, on account of his advanced age and enfeebled condition, as well as because of his intoxication at the time, he was mentally incapable of understanding the nature and consequences of his act in executing the deed.

The facts in this case are similar to those in Davis, et al. v. Creech et al., reported in 180 Ky., at page 804. Briefly stated the evidence shows that Alexander Creech, more than twenty years before the deed in controversy was executed, occupied the land in dispute, and thereafter used it as his own, with the knowledge and consent of his father. It is also in proof that Isaiah Cheech gave the land to Alexander, and that his reason for so doing was that Alexander and another brother had paid a mortgage debt that the father owed, and prevented foreclosure proceedings on his farm. In taking possession of the land in controversy, Alexander built a small house on it, planted an orchard, and proceeded to cultivate it and treat it as his own. It is true that he testified that his use of it was permissive, and he never claimed to be the owner of it; but other facts and circumstances in the record contradict his testimony on that point and show that both he and Isaiah Creech, long before the conveyance of 1912 was made, treated the land as belonging to the son. The credibility of Alexander Creech's testimony is somewhat impaired by an evident unwillingness on his part to reveal the real conditions under which the land was occupied and used by him, as well as an observable purpose to repudiate his former acts, which plainly indicated that he then claimed to own the land. After residing on the place for the major part of twenty years, and using it during that entire time as he saw fit, in 1912 he procured a deed for it from his father. It is admitted that the recited consideration of one hundred and fifty ($150.00) dollars was not paid, and it is shown by some of the witnesses that Isaiah Creech was considerably under the influence of liquor at the time the deed was made. However, Isaiah Creech survived the date of the execution of the deed several months, and, so far as the record shows, never questioned the validity of his act. Moreover, the evidence does not show that he was in such a state of intoxication as rendered him incapable of understanding the consequences of his act in executing the deed. Al-

though it is alleged in the petition that he was mentally incapable of entering into the contract of sale, there is no evidence to support the allegation except the proof of his intoxication, the force of which, as we have stated, is of questionable efficacy. No evidence whatever was introduced from which it is to be inferred that, on account of his advanced age, he had suffered any mental deterioration, or had become susceptible to any influence that would deprive him of the power of deciding for himself whether the deed should be made. It is, therefore, extremely doubtful, from the state of this record, that a cancellation of the deed would be decreed if the contest were between Alexander Creech and the heirs of the grantor alone.

Appellee, W. W. Cornett, is now claiming the land, and his claim is based on a deed from J. E. Lewis, who, after the conveyance of January, 1912, loaned Alexander Creech some money and took a mortgage on the property to secure the payment of the loan. The mortgage was foreclosed and the land purchased at a judicial sale by Lewis, and afterwards conveyed by him to Cornett. After taking the conveyance from Lewis, Cornett endeavored to induce Alexander Creech also to make a conveyance, as he claims, because the time in which Creech could redeem the land had not expired, and he desired to foreclose the possibility of a redemption. Cornett and Lewis both say that they had no knowledge of the alleged incapacity of Alexander Creech's grantor, although there is some evidence that they did have notice to that effect. That evidence, however, is largely inferential, and is based on the theory that Cornett lived in the immediate vicinity of the land, knew intimately Isaiah Creech and his son, had sold them merchandise for a number of years, and must, therefore, be presumed to have had some knowledge of the defect in Alexander Creech's title. We cannot indulge that presumption, in view of the record title of Lewis, to which Cornett had the right to look alone, being a *bona fide* purchaser. It was for that precise reason that this court, in Davis, et al. v. Creech, et al., *supra,* held that the purchaser from Elisha Creech was not chargeable with notice of the infirmity in his title resulting from incapacity on the part of his grantor. This is a sufficient foundation for the judgment of the lower court in the case at bar, and as we appraise the evidence on that feature of the case, it does not show such facts as would lead Cornett, as

an ordinarily prudent man, to believe that Alexander Creech's grantor was incapable of making the conveyance.

We hold, therefore, that the deed to Alexander Creech, as between the appellants and Cornett, is valid. In view of that conclusion, it is unnecessary to discuss the other defenses made by appellees. For the reasons indicated the judgment is affirmed.